To the petition op Samuel Lusk, by his counsel, for a rehearing, delivered the following response of the court :
JUDGE WILLIAMS
Lusk, being counsel to Hall Anderson, had the court said he was a partaker in the errors in Hall Anderson’s record, instead of 11 privy ’’ — and this is the primary meaning of the term — it would doubtless have saved the learned counsel much profound cogitation, and not have misled him.
It is said in the petition that “ mere irregularity was not designed to, and cannot produce, the setting aside of a judgment under section 445, on the retrial therein permitted;” and, at another place, it is said that the court permitting the defendant to appeal from such erroneous judgments, “ without seeking the full and complete relief from every kind of error, apparent or otherwise, which section 445 affords him, by mere motion in the circuit *323 court, and section 903, prohibiting such appeals, has been, and still is, disregarded.” Conceding that this is not a felo de se, still why should not a defendant be permitted to reverse an erroneous judgment directing his land to be sold on shorter time than allowed by law, and especially if this irregularity could not be corrected by the lower court? and as the only possible way to correct it would be to set aside the judgment, especially after the land had been sold.
If the court below could not set such judgment aside, then it is cleanly not within section 903, Civil Code.
This section is general in its application, and not confined to judgments against defendants constructively summoned; yet it never has been, and never will be, construed, by an enlightened court, to embrace bills of review, and every possible means of correcting the judgment for errors apparent in the record, or otherwise, by the court rendering it; but does include mere misprisions, et cetera.
But we do not concede that this is the proper construction of section 445, Civil Code. It seems to us that the court rendering the judgment may, upon proper proceedings and proof, under said section, retry “ as if there had jeen no judgment,” and “ may confirm, modify, or set it asidef and dispose of the case just as it would originally; and, if no cause of attachment could then be shown, it would dismiss them, set aside the judgment thereon, and render such personal judgment as might be proper; or, if the court should then ascertain that the judgment of sale had been erroneous, it might set it aside and order a new sale, so far as the court could control the property.
So we conceive that an equally erroneous construction has been placed upon both sections 445 and 903.
Whilst it is fully conceded that Lusk used no unfair means to make the purchase at the sale, and only be *324 came so because he bid more than any one else, and acted fairly in bidding off the land, yet, as the judgment was radically erroneous which had been procured by him, in conjunction with other counsel, and the land was sold to satisfy this and other judgments, can he be a purchaser “ in good faith,” as contemplated by section 448, Civil Code, or the common law ?
He must be a purchaser in good faith under this section to be embraced at all by its protection; and if he be, but still is a plaintiff, he is not protected by its provisions.
It is said every one, except the parties, if they honestly purchase, is protected, and this legislation supersedes any previous rule of equity which may have been recognized conflicting with it. But we think the language is so guarded that it is rather in confirmation than derogation of the previously recognized rules of equity.
A party, or his attorney, who has obtained an erroneous and injurious judgment of sale against a defendant constructively summoned, can scarcely be deemed a purchaser in good faith at a sale made by virtue of that judgment.
And there certainly are as potent equitable reasons for applying the rule to the counsel as to the client; and when, as in this case, the debt is just, but the proceedings erroneous and injurious, more because the injury is more the fault of the attorney than the client, we are satisfied that the great and substantial ends of justice require as guarded and vigilant scrutiny and rigid construction of rules against attorneys as their clients in sales under judgments obtained by them, and where they become purchasers.
The petition is overruled.